NATIONAL COOPERATIVES, Inc., Indiana Farm Bureau Cooperative Association, Inc., and Marion County Farm Bureau Cooperative Association, Inc.,

v.

PETROLEUM CO-OP SYSTEM, Inc., Charles G. Grimes, Marjorie F. Grimes and Lloyd D. Newlin.

No. IP 58-C-24.

United States District Court
S. D. Indiana,
Indianapolis Division.

Nov. 12, 1958.

Paul W. Marrs, Indianapolis, Ind., and Edward B. Beale, Henry W. Leeds and Irving M. Tullar, Washington, D. C., for plaintiffs.

Lockwood, Galt, Woodard & Smith, by Harold R. Woodard, Indianapolis, Ind., for defendants.

STECKLER, Chief Judge.

This cause comes before the court upon two separate motions of the defendants which were filed in this court on July 18, 1958. The one motion asks the court to dismiss plaintiffs' amended complaint. The other asks for an order dropping plaintiffs Indiana Farm Bureau Cooperative Association, Inc. and Marion County Farm Bureau Cooperative Association, Inc. from the case. Oral argument has been requested with respect to each motion.

Both motions have been thoroughly briefed by counsel for the respective parties. Due to this thorough briefing and the court's independent research, the court is convinced that little could be gained from oral arguments on these motions. Accordingly, both requests for oral argument are denied.

Defendants' motion to dismiss is directed at both counts of the amended complaint. With respect to Count II, defendants' instant motion is identical to their motion to dismiss filed with respect to the original complaint, which motion was sustained by the court in an entry dated June 6, 1958. With regard to that motion, plaintiffs' counsel conceded that Count II of the original complaint was pendent upon Count I of the original complaint; that if jurisdiction existed with regard to Count I then it existed with regard to Count II. Consequently, the court, in its entry of June 6, 1958, confined its attention to the allegations of the motion to dismiss which were directed at Count I of the original complaint. Since the amended complaint is substantially the same as the original complaint in that Count II thereof is, for jurisdictional purposes, pendent upon Count I, the court's deliberations with respect to the instant motion are confined to the allegations made with respect to Count I of the amended complaint.

With respect to Count I, defendants allege that the amended complaint "affirmatively shows that this court has no jurisdiction over the action since the alleged infringing use by defendants did not take place in commerce which may lawfully be regulated by Congress but instead was wholly intrastate in character without substantial effect on interstate commerce." Thus the question presented is whether defendants' operation of gasoline service stations and business of selling petroleum products at the wholesale and retail level under the designation "Co-op" constitutes a use of plaintiffs' trademark "in commerce" within the terms of the Lanham Act, 15 U.S.C.A. § 1051 et seq.

The court has read all the cases cited by defendants in support of their motion. Those cases hold that if the service for which a registered mark is sought is not

"in commerce," the marks does not qualify for registration. Said cases all involved services for which registered trademarks were sought. The issue in each was whether the service involved was "in commerce" in the sense necessary to qualify it for a registered trademark. Thus a distinction exists between those cases and the instant case. In the instant case, tangible products are involved and the issue is whether defendants' alleged use of a mark was an infringing use. In such cases, unlike the registration cases, the question is not whether defendants' business was or was not interstate in character. The issue is whether defendants' use of the mark in question did injury to plaintiffs' interstate business. Dad's Root Beer Co. v. Doc's Beverages, 2 Cir., 1951, 193 F.2d 77; Lyon v. Quality Courts United, 6 Cir., 1957, 249 F.2d 790, 795. See also Pure Foods v. Minute Maid Corp., 5 Cir., 1954, 214 F.2d 792. Consequently, the court is of the opinion that the cases cited by defendants are not applicable to the instant case.

The case of Pure Oil Co. v. Paragon Oil Co., 117 U.S.P.Q. 321 (N.D.Ohio 1958) appears to be more in point with the instant case insofar as the facts are concerned. Although the opinion does not deal with the precise question confronted here, the court's jurisdiction was sustained. The case of Pure Oil Co. v. Puritan Oil Co., 2 Cir., 1942, 127 F.2d 6 likewise appears to be somewhat in point with the instant case so far as the facts are concerned. There the court, speaking through Judge Learned Hand, indicated by way of a dictum that a theory similar to the one presented in the instant case was not implausible under the Trade Mark Act of 1905.

For the above reasons, the court is of the opinion that the law is with the plaintiffs and that defendants' motion to dismiss should be and the same is hereby overruled.

Defendants' motion to drop parties plaintiff is based upon the contention that 15 U.S.C.A. §§ 1114, 1116, 1117 limit a right of action for infringement to the registrant of the mark only. Plaintiffs, on the other hand, contend that Indiana Farm Bureau Cooperative Association, Inc., and Marion County Farm Bureau Cooperative Association, Inc. are directly and indirectly members of National Cooperatives, Inc. and therefore have equitable rights in the trademark in question which qualify them as proper parties.

The court is of the opinion that Indiana Farm Bureau Cooperatives, Inc. and Marion County Farm Bureau Cooperatives, Inc. each occupy a status analogous to that of a licensee insofar as the mark in question is concerned. It has been held that an exclusive licensee has an interest in a trademark that entitles him to maintain an action for infringement and for unfair competition. Browne-Vintners Co. v. National D. & C. Corp., D.C. S.D.N.Y.1957, 151 F.Supp. 595. By analogy, it follows that all three plaintiffs in this cause have sufficient interests involved to entitle them to maintain the instant action.

The motion to drop parties plaintiff is overruled.